## THE WARREN.

*(District Court, E. D. New York. 1882.)*

COLLISION IN EAST RIVER—FERRY-BOATS—APPORTIONMENT AND DAMAGES.

A boat, the O., on her regular trip up the East river from Fulton street to Hunter's Point, and a ferry-boat, the W., plying between Grand street, Brooklyn, and Grand street, New York, came in collision a short distance above the ferry-slip, near the New York shore, and the O. was sunk. The O. had come up along the New York piers, to be in the eddy of the tide, which was running down, had gone out in the river a little to avoid a steam-boat then making a landing at Grand-street pier, straightened up, and exchanging signals with the W. sheered again out into the river. The W. had stopped when half way across, and, heading nearly down the river to allow the steam-boat above mentioned to go inside and land, then signaled the O. to go to port, and started ahead at the same time to reach her slip. *Held,* that both were in fault, and the damages should be apportioned.

The case of *The Cayuga* (1 Ben. 173; 7 Blatchf. 385) distinguished.

In Admiralty.

*H. T. Wing* and *R. D. Benedict,* for libellants.

*Beebe, Wilcox & Hobbs,* for claimant.

BENEDICT, D. J. In this case my conclusion is that the collision in question was caused by fault on both sides. The fault on the part of the Olyphant consisted in keeping near to the New York side of the river as she turned the Hook. The fault on the part of the Warren consisted in starting up for her slip when she did, after seeing the position of the Olyphant. The case differs from that of *The Cayuga,* relied on by the libellants, in that here the ferry-boat did not hold her course, but stopped under circumstances calculated to induce the Olyphant to adopt a course to pass ahead of her, and then started up again, and blew for the Olyphant to port, when, as the result proved, it was not possible for the Olyphant, with helm hard a-port, to get outside of the ferry-boat before the boats came in contact. Fault on both sides being found, the damages must, of course, be apportioned between the two colliding vessels. An interlocutory decree to that effect will be entered, with an order of reference to ascertain the amount of the damages.